**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRES SOCORRO, individually and on behalf of all others similarly situated, | ) | |
| | ) | Case No. 23-cv-8123 |
| Plaintiff, | ) | |
| | ) | Hon. Sara L. Ellis |
| v. | ) | |
| | ) | Magistrate Judge Hon. M. David Weisman |
| BECTON, DICKINSON & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Matthew C. Wolfe (ARDC #6307345)
Amy Y. Cho (ARDC #6303051)
Kathleen M. Ryan (ARDC #6333276)
**SHOOK, HARDY & BACON L.L.P**.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
acho@shb.com
kxryan@shb.com

***Attorneys for Defendant***
***Becton, Dickinson and Company***

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1

BACKGROUND ........ 2

I. The *Mosby* and *Socorro* Complaints........ 2

II. The *Mosby* decision. ........ 4

ARGUMENT ........ 5

I. Plaintiff's Complaint fails outright based on *Mosby*. ........ 5

II. Plaintiff's attempts to evade *Mosby* fail........ 7

A. BD was the only defendant in *Mosby* itself. ........ 7

B. Plaintiff's "covered entity" argument has no basis in the text of BIPA. ........ 8

CONCLUSION........ 9

**INTRODUCTION**

Plaintiff Socorro has refused to dismiss this action following the Illinois Supreme Court's decision in *Mosby v. The Ingalls Memorial Hospital, et al. (Becton, Dickinson and Company, et al., Appellants)*, 2023 IL 129081 (Ex. A).[1] The Illinois Supreme Court held that the Biometric Information Privacy Act ("BIPA") "excludes from its protections the biometric information of health care workers where that information is collected, used, or stored for health care treatment, payment, or operations, as those functions are defined by HIPAA. A health care worker's biometric information, used to permit access to medication dispensing stations for patient care . . . is exempt from [BIPA's] protections." *Id.* ¶ 54 (citing 740 ILCS 14/10).

The allegations in *Mosby* involved a nurse-plaintiff (just like here) who scanned her finger on a Becton, Dickinson and Company ("BD") device (just like here) to access medications and controlled substances (just like here). The sole defendant in *Mosby* (just like here) is BD.

If the nurse's biometric information, "as alleged in the [*Mosby*] complaints" is "excluded from coverage" under BIPA (*id.* ¶ 57), then Socorro's alleged biometric information, as alleged in his Complaint, is "excluded from coverage" under BIPA as well. There is no way around it: *Mosby* applies squarely to the facts alleged in Socorro's Complaint.

Socorro, however, has taken the position that *Mosby*—despite materially identical parties and allegations (and counsel, for that matter)—"has no bearing on this case." Dkt. 20 at 1. That position borders on frivolous. Plaintiff is hoping the Court will ignore Illinois Supreme Court precedent and read limitations into BIPA that, simply, do not exist. *Mosby* is dispositive, and for

[1] On December 5, 2023, BD's counsel sent a letter to Plaintiff's counsel requesting dismissal of this matter in light of the *Mosby* decision. Plaintiff's counsel declined to dismiss this matter for the reasons set forth in the parties' Status Report. Dkt. 20 at 1. The Court then entered a briefing schedule for BD's Motion to Dismiss. Also, the Illinois Supreme Court issued its mandate and the *Mosby* decision became final on January 4, 2024.

the reasons below, BD respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

## BACKGROUND

### I. The *Mosby* and *Socorro* Complaints.

The *Mosby* and *Socorro* complaints contain materially identical allegations. The *Mosby* complaint alleges BIPA violations based on BD's Pyxis MedStation devices, and the *Socorro* Complaint alleges BIPA violations based on BD's Pyxis CII Safe devices. Both the Pyxis MedStation and Pyxis CII Safe "are automated medication and/or supply dispensing systems that enable users to scan a fingerprint to access the system(s)." Dkt. 1-1, *Socorro* Compl. ¶ 1.

| Allegations | *Mosby* - MedStations | *Socorro* - CII Safes |
|---|---|---|
| Named Plaintiffs are nurses who worked in hospitals. | Plaintiff "worked as a Registered Pediatrics Nurse at Ingalls Memorial Hospital." Ex. B, *Mosby* Second Am. Compl. ("SAC") ¶ 54. | Plaintiff "worked as a Registered Intensive Care Unit Nurse and Assistant Clinical Manager for Advocate Illinois Masonic Medical Center." Dkt. 1-1, *Socorro* Compl. ¶ 67. |
| Plaintiffs scanned their fingers on BD devices at work. | Plaintiff "was required to scan her fingerprints" each day "to access restricted materials within the Pyxis MedStation." *Id.* ¶¶ 40, 55 (emphasis from original omitted). | Plaintiff "was required to scan and enroll his fingerprint on the platen of a Pyxis MedStation and CII Safe at Illinois Masonic." *Id.* ¶ 69. |
| Plaintiffs scanned their fingers on the BD devices to access medications. | Plaintiff "was required to scan her fingerprints in order to access medications." *Id.* ¶ 55 (emphasis from original omitted). | To use a Pyxis CII Safe device, "BD requires users to scan their biometric information, namely their fingerprint." *Id.* ¶ 4.<br><br>"Pyxis CII Safe devices are medication dispensing cabinets for controlled substances, like narcotics." *Id.* ¶ 2. |

| Allegations | *Mosby* - MedStations | *Socorro* - CII Safes |
|---|---|---|
| BD discloses employees' biometric data. | "BD improperly discloses [] employees' fingerprint data to other, currently unknown, third parties . . . ." *Id.* ¶ 44. | BD "improperly discloses Pyxis users' biometric data to other third parties[.]" *Id.* ¶ 23. |
| Additional allegations about BD and its collection of biometric information. | BD is a "leading provider of systems and software solutions primarily targeting healthcare facilities like [hospitals]." *Id.* ¶ 4.<br><br>"Chief among the products BD manufactures are workstations, medication cabinets, controlled substance managers, and similar systems or devices which require medical professionals and other individual users to scan their fingerprints to access medications. *Id.* ¶ 5.<br><br>In Illinois alone, "BD provides its Pyxis products to dozens of hospitals and pharmacies[.]"*Id.*<br><br>BD has access to biometric data because BD "offers hospitals an integrated medication management platform, through which BD provides a single, centralized location for hospital[s] to manage data, along with dedicated support services in which BD can access the biometric data collected." *Id.* ¶ 9 (citing BD's "medication management solutions" webpage). | Pyxis CII Safe devices "are configured so that functional processing and storage of the unique user templates are shared with BD's servers and databases, including but not limited to BD's Medication Knowledge Portal ('MKP') system and database." *Id.* ¶ 8.<br><br>BD "markets its Pyxis CII Safe devices to hospitals as one component of an integrated medication management platform, through which BD provides a single, centralized location for hospitals to manage data, along with dedicated support services whereby BD can access the biometric data collected on the device itself (*i.e.*, RSS), or store it on its own system at a separate BD server location (*i.e.*, MKP)." *Id.* ¶ 9.<br><br>During the relevant statutory period, BD "obtained Pyxis CII Safe users' biometric data through transmission of the data from the device to BD's MKP [Medication Knowledge Portal] database, servers, and systems." *Id.* ¶ 11.<br><br>BD "accesses its servers for various purposes, including to facilitate support services and reports for its clients." *Id.* ¶ 56. |

Both complaints allege violations of BIPA Sections 15(a), 15(b), and 15(d). Also in both cases, the only defendant is BD. The *Mosby* plaintiff originally named her hospital-employers as defendants, but those defendants settled during the appeal process. *Mosby*, 2023 IL 129081, ¶ 5 n.1. Thus, when the Illinois Supreme Court ruled that the nurses' biometric information, as alleged, was excluded from BIPA, BD was the only defendant in *Mosby* to which that ruling could apply.

## II. The *Mosby* decision.

In the *Mosby* appeal, the Illinois Supreme Court chose to weigh in on two essentially identical certified questions that addressed the meaning of an exception to BIPA's definition of "biometric identifiers" and whether the exception applied only to patients or to health care workers as well. The relevant exception provides as follows: "[b]iometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]." *Id.* ¶ 35 (citing 740 ILCS 14/10). Applying standard canons of statutory construction to BIPA's plain language (*id.* ¶¶ 36-53), the Court held BIPA "excludes from its protections the biometric information of health care workers where that information is collected, used, or stored for health care treatment, payment, or operations, as those functions are defined by HIPAA. A health care worker's biometric information, used to permit access to medication dispensing stations for patient care, falls under 'information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]' and is exempt from [BIPA's] protections[.]" *Id.* ¶ 54.

The Court noted it was not categorically excluding all biometric information collected from health care workers in all contexts, but "the nurses' biometric information, <u>as alleged in the complaints</u>, was collected, used, and stored to access medications and medical supplies for patient health care treatment and is excluded from coverage under [BIPA] because it is 'information

collected, used, or stored for health care treatment, payment, or operations under [HIPAA].” *Id.* ¶ 57.

## ARGUMENT

This is a diversity case, and Illinois law applies. *See* Dkt. 1; Dkt. 1-1, *Socorro* Compl. ¶ 31, 48. Accordingly, the Court must follow decisions of the Illinois Supreme Court. *Republic Tobacco Co. v. N. Atlantic Trading Co.*, 381 F.3d 717, 731 (7th Cir. 2004) (“[A]s a federal court sitting in diversity, we are obligated to apply Illinois law as announced by the Illinois Supreme Court.”). Here, the *Mosby* decision controls and demonstrates that the information at issue in the Complaint does not fall within BIPA. The Court therefore must dismiss the case for failure to state a claim under Federal Rule 12(b)(6). *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014) (dismissal required where complaint fails to state a claim for relief).

### I. Plaintiff’s Complaint fails outright based on *Mosby*.

The Illinois Supreme Court was clear: the *Mosby* nurses’ biometric information “as alleged in the complaints . . . is excluded from coverage” under BIPA. *Id.* As “alleged in the complaints,” the nurses’ biometric information was “collected, used, and stored to access medications and medical supplies.” *Id.*

If the *Mosby* nurses’ biometric information is excluded under BIPA, then the *Socorro* nurse’s biometric information is excluded as well. As the chart above makes clear, the allegations in the complaints are materially identical. Like the *Mosby* complaint, the *Socorro* Complaint alleges the CII Safe users’ biometric information was collected, used, and stored to access medication and medical supplies. Specifically, among other allegations, Socorro alleges the “Pyxis CII Safe system . . . [is an] automated medication and/or supply dispensing system[] that enables users to scan a fingerprint to access the system(s).” Dkt. 1-1, *Socorro* Compl. ¶ 1. Socorro also

alleges the CII Safe devices are "are medication dispensing cabinets for controlled substances, like narcotics." *Id.* ¶ 2.

*Mosby* instructs that those activities qualify as both healthcare "treatment" and "operations" under HIPAA. First, under HIPAA, "treatment" means the "provision, coordination, or management of health care and related services by one or more health care providers" which includes "the coordination or management of health care by a health care provider with a third party . . . ." *See Mosby*, 2023 IL 129081, ¶ 50 (citing 45 C.F.R. § 164.501). Socorro plainly and directly alleges BD is a third party involved in the management of health care. According to Socorro, the CII Safe is "one component of an integrated medication management platform, through which BD provides a single, centralized location for hospitals to manage data, along with dedicated support services." Dkt. 1-1, *Socorro* Compl. ¶ 9.

Second, "operations" under HIPAA covers a long list of activities that includes conducting quality assessment and improvement activities, patient safety activities (as defined in 42 C.F.R. § 3.20, efforts to improve patient safety and the quality of health care delivery; development and dissemination of information with respect to improving patient safety; maintenance of procedures to preserve confidentiality with respect to patient safety work product; and utilization of qualified staff), case management and care coordination, and "related functions that do not include treatment" in addition to "[b]usiness management and general administrative activities" including "the provision of data analyses for policy holders, plan sponsors, or other customers." 45 C.F.R. § 164.501; *see also Mosby*, 2023 IL 129081, ¶ 51. If BD provides an integrated medication management platform that helps hospitals manage patient data related to patient medications and treatment, then, as alleged, it is also collecting health care worker information from its CII Safes to perform "operations" as that term is defined in HIPAA.

In short, the *Socorro* Complaint alleges biometric information was collected for the exact same purpose in *Mosby*—to access medications and medical supplies. Thus, it flows directly from the Illinois Supreme Court's holding that the information at issue in this case also is "excluded from coverage under [BIPA] because it is 'information collected, used, or stored for health care treatment, payment, or operations under [HIPAA].'" *Mosby*, 2023 IL 129081, ¶ 57. That is the end of this case.

## II. Plaintiff's attempts to evade *Mosby* fail.

In the parties' recent joint status report, Plaintiff previewed his assertion that *Mosby* "has no bearing" on this case because BD is "a manufacturer and supplier of biometric technology" and not a "health care provider or covered entity under HIPAA, and thus cannot collect biometrics for 'health care treatment, payment, or operations, as those functions are defined by HIPAA.'" Dkt. 20 at 1. This argument defies both *Mosby* and BIPA's text.

### A. BD was the only defendant in *Mosby* itself.

*Mosby* was a consolidated appeal. BD is the <u>only defendant</u> in the *Mosby* appeal, and Northwestern Lake Forest Hospital and Northwestern Memorial Healthcare (collectively, "Northwestern") were the only defendants in the *Mazya* appeal that was consolidated with *Mosby*. The two appeals arrived from the trial courts separately and on different timelines, and had different certified questions. Ultimately, the Illinois Supreme Court considered the two certified questions, determined they were materially the same, and answered them in the defendants' favor. *Mosby*, 2023 IL 129081, ¶¶ 1-2.

In doing so, the Supreme Court did nothing to distinguish BD from Northwestern. In fact, it expressly held that the allegations in the "complaints"—including the *Mosby* complaint—demonstrated that the information at issue was not subject to BIPA. *Id.* ¶ 57. Just like here, the *Mosby*-plaintiff alleged Section 15(a), 15(b), and 15(d) violations <u>against BD</u>, and those exact

claims against BD failed because "as alleged in the complaints" the information fell within BIPA's Section 10 exclusion: "information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]." *Id.* If BD's status as a "leading provider of systems and software solutions primarily targeting healthcare facilities" (Ex. B, *Mosby* SAC ¶ 4) mattered or somehow rendered the opinion as having "no bearing" with respect to BD, the Illinois Supreme Court would not have held as it did. Instead, the Court looked at the collection, use, and storage of information in the MedStation context—knowing full well that BD was alleged to be a collector and discloser—and held the information is excluded from BIPA regardless.

If the information Northwestern collected was excluded from BIPA, but the information BD collected was not, then the *Mosby* plaintiff still would have viable Section 15(a), 15(b), and 15(d) claims against BD. She does not, however, and neither does Socorro because "as alleged in the complaints," the information was collected, used, and stored to access medications and medical supplies and thus is excluded from BIPA. *Mosby*, 2023 IL 129081, ¶ 57.

**B. Plaintiff's "covered entity" argument has no basis in the text of BIPA.**

Plaintiff also asserts that information BD collects is not excluded from BIPA because BD is not a "covered entity under HIPAA." That assertion has no basis in the text. The Illinois Supreme Court has instructed over and over again that when a statute's language is plain and unambiguous, a court may not "depart from a statute's plain language by reading into the law exceptions, limitations, or conditions that the legislature did not express." *Id.* ¶ 31 (citations omitted); *Cothron v. White Castle System, Inc.*, 2023 IL 128004, ¶ 39 ("We cannot rewrite a statute to create new elements or limitations not included by the legislature,"); *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 24 (same). Adding an impermissible exception, limitation, or condition is exactly what Plaintiff seeks to do here.

BIPA's Section 10 exclusion bears repeating again. Biometric identifiers do not include "information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]." 740 ILCS 14/10. The term "covered entity" is not there. In fact, the term "covered entity" does not appear anywhere in BIPA, and *Mosby*'s holding is in no way limited to a "covered entity." The Illinois Supreme Court agreed with BD's argument that the last antecedent rule means the phrase "under HIPAA" modifies only the terms "treatment, payment, or operations" and thus those functions have the same meaning in BIPA as in HIPAA. *Mosby*, 2023 IL 129081, ¶ 52. It was "clear that the legislature was directing readers to HIPAA to discern the meaning of those terms." *Id.* "Under HIPAA" in Section 10 does not define the "entity" to which BIPA applies generally (*see* 740 ILCS 14/10 ("private entity")), nor does it limit the Section 10 exclusion. *Mosby*'s holding relates to the purpose of information use - treatment, payment, or operations under HIPAA. The relevant part of the exclusion "excludes information used for a particular purpose," and *Mosby*'s holding applies to the purpose of information use, not the entity type doing the using. *Mosby*, 2023 IL 129081, ¶ 41. Here, the information collected, as alleged in the Complaint, is for health care treatment and operations under HIPAA. Accordingly, *Mosby* controls the outcome of this case.

## CONCLUSION

For the reasons above, BD respectfully requests that the Court dismiss Socorro's Complaint in its entirety with prejudice.

Dated: January 11, 2024

Respectfully submitted,

**BECTON, DICKINSON AND COMPANY**

By: */s/ Matthew C. Wolfe*

Matthew C. Wolfe (ARDC #6307345)
Amy Y. Cho (ARDC #6303051)
Kathleen M. Ryan (ARDC #6333276)

**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
acho@shb.com
kxryan@shb.com

***Attorneys for Defendant***
***Becton, Dickinson and Company***

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **January 11, 2024**, I caused a true and correct copy of **DEFENDANT'S MOTION TO DISMISS** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to all counsel of record.

*/s/ Matthew C. Wolfe*