UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRES SOCORRO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 C 8123 |
| v. | ) ) | Judge Sara L. Ellis |
| BECTON, DICKINSON & COMPANY, | ) ) | |
| Defendant. | ) | |

### ORDER

The Court grants Defendant's motion to dismiss [23]. The Court dismisses this case with prejudice. See Statement.

### STATEMENT

Plaintiff Andres Socorro, a registered intensive care unit nurse and assistant clinical manager for Advocate Illinois Masonic Medical Center, filed this putative class action against Defendant Becton, Dickinson & Company ("BD"), a manufacturer of medical technology that scans biometric information. Socorro alleges that he repeatedly scanned his fingerprints at work in order to access BD devices for dispensing controlled substances, like narcotics. Socorro claims that BD violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, through its collection, storage, and use of his biometric information. BD has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Illinois Supreme Court's decision in *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, forecloses Socorro's claims.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Section 10 of BIPA excludes from the definition of biometric identifiers "information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996 [HIPAA]" (the "health care exclusion"). 740 Ill. Comp. Stat. 14/10. *Mosby* clarified that the health care exclusion exempts from BIPA both "information from a particular source—a patient in a health care setting—and . . . information used for a particular purpose—health care treatment, payment, or operations—regardless of the information's source." 2023 IL 129081, ¶ 41. As relevant to this case, BIPA "excludes from its protections the biometric information of health care workers where that information is collected, used, or stored for health care treatment, payment, or operations, as those functions are defined by HIPAA." *Id.* ¶ 54. Because "[a] health care worker's biometric information, used to permit access to medication dispensing stations for patient care, falls under 'information collected, used, or stored for health care treatment, payment, or operations under [HIPAA],'" the health care exclusion exempts Socorro's use of BD's medication dispensing system from BIPA's protections. *Id.* (second alteration in original) (quoting 740 Ill. Comp. Stat. 14/10).

Socorro's attempts to distinguish his claims from *Mosby* border on the frivolous, particularly given that Socorro's counsel also represented the plaintiffs in *Mosby* and thus should be especially familiar with its holding. Despite BD being a defendant in *Mosby* in whose favor the Illinois Supreme Court ruled, Socorro argues that the health care exclusion applies only to entities covered by HIPAA and not to BD, a systems and software provider. This argument has no merit. The Illinois Supreme Court's reading of the health care exclusion does not require the defendant to be a HIPAA-covered entity; the use of the phrase "under HIPAA" in the health care exclusion merely applies HIPAA's definition of the terms "treatment," "payment," and "operations" to the health care exclusion.[1] *See id.* ¶¶ 49–54. Because the Court refuses to read a limitation into *Mosby* that does not exist, the Court dismisses this case as barred by BIPA's health care exclusion. And because Socorro cannot plead around the exclusion, the Court dismisses this case with prejudice. *Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605, at *3 (N.D. Ill. Mar. 25, 2020) (finding amendment futile where a BIPA statutory exclusion applied).

Date: April 23, 2024                                              /s/ Sara L. Ellis

---

[1] Socorro's phrasing of *Mosby*'s holding in his response essentially admits to this fact, despite his arguments to the contrary, stating that *Mosby* held that the health care exclusion "applies to information collected by a health care provider *or* information collected from health care workers where the information at issue is 'collected, used, or stored for health care treatment, payment, or operations,' as those terms are defined by HIPAA." Doc. 25 at 3 (emphasis added). Even Socorro's paraphrase of *Mosby*'s holding does not require a HIPAA-covered entity to be the collector of the biometric information, implicitly acknowledging that the focus of the inquiry is the *purpose* of the collection, not the entity that does the collection. *See Mosby*, 2023 IL 129081, ¶ 41 (exclusion applies to information collected "from a particular source" and to "information used for a particular purpose . . . regardless of the information's source").